[No. 3739.   Decided December 14, 1900.]

THOMAS ST. CLAIR, *Respondent,* v. J. W. WILLIAMS,
*Appellant.*

HABEAS CORPUS—CUSTODY OF CHILDREN—JUDGMENT—APPEALABLE
ORDER.

In an application for a writ of habeas corpus by a father to
recover the custody of children who had been surrendered by
the mother to defendant for the purpose of having him provide
homes for them, an order of the court directing defendant to
make application under the provisions of the statute for the dis-
position of said children, being advisory merely, is not an ap-
pealable order.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge. Appeal dismissed.

*F. M. Ellsworth* and *J. R. Fleming,* for appellant.

The opinion of the court was delivered by

WHITE, J.—On the 2d day of April, 1900, the respondent, Thomas St. Clair, filed in the superior court of Spokane county a petition for writ of habeas corpus, alleging in substance that his daughter, Lilly St. Clair, twelve years of age, Florence, seven years of age, and his son Melvin, five years of age, were all unlawfully detained and restrained of their liberty by one J. W. Williams; that the mother of said children had abandoned them and had also abandoned him; that, on or about the 6th day of March, 1900, in the city of Spokane, the said J. W. Williams, without his knowledge or consent, while they were returning from school, forcibly, fraudulently, surreptitiously, and clandestinely took said children, and each of them, away from his custody and control, with intent to detain them from him, and that he, as their father, was rightfully entitled to their custody and control; that the said Williams, in violation of the laws of Washington, keeps said children secretly away from him, without any pretense of claim of right whatever. The petition concluded with a prayer for the writ of habeas corpus directed to said Williams, commanding him to produce the bodies of said children, and that the petitioner be awarded custody and control of said children. On the same day Judge C. H. Neal made an order directing the habeas corpus to issue as prayed for, and directing that the same be heard before him on the 4th day of April, 1900, at the court house in the city of Spokane. The writ of habeas corpus issued and was served on said J. W. Williams on the 4th day of April, 1900. The appellant made answer and return to said writ as follows: That appellant was superintendent of the Northwestern Home Finding Association, a corporation duly incorporated under the laws of the state of Washington, having its principal office in the city

of Spokane; that he denied each and every allegation in said petition, except that he was on or about the time alleged in possession of said children; that on the 1st day of March, 1900, Maria E. St. Clair, the mother of said children, surrendered the same to said Home Finding Association, alleging and representing that the said Thomas St. Clair, father of said children, had been unable and had neglected for a long time to provide for the maintenance and support of his said children, and that she was unable to provide for their further maintenance, and requested said association to take charge of them and furnish homes for them in which they could be cared for in a humane and proper manner; that, as superintendent of said association, he did take charge of said children, and had provided homes for them with people who were able and willing to provide for them; that said Thomas St. Clair, the father of said children, had been for a number of years a helpless invalid, having to depend upon the county and charitable people for his support, having been for the last eight months a charge upon Spokane county, and the county had given notice that said appropriation would be discontinued on the 1st day of April, 1900, and that the said mother, knowing that her children would be left in a destitute condition, with no means of support, surrendered them to the said association; that by reason of inability and neglect of their father to support and care for them, and under and by virtue of the act of the legislature of the state of Washington for the protection and custody of orphan, homeless, neglected, or abused children, approved February 14, 1899, the mother had the legal right to surrender said children, and that appellant was entitled to and was rightfully in control and possession of said children; that eight months prior to the surrender of their children, the mother had surrendered three other children of

said St. Clair to said association and good homes had been provided for them by said association. The appellant attached to and made a part of said answer and return copies of the contract of said surrender of said children, executed by their said mother as aforesaid, and prayed that he be discharged from further answer to said writ of habeas corpus, and that the parties in possession of said children be allowed to retain possession of them. On the 3d day of May thereafter the respondent herein filed a demurrer to said return and answer. On the —— day of May, 1900, said cause came on to be heard on said demurrer, and said demurrer was sustained and said answer stricken out, to which ruling of the court the defendant excepted, and said cause was continued by the court to hear the evidence. On the 29th of May, 1900, the case came on to be heard, and, after hearing the evidence, the court made the following order and judgment:

"This cause having come on for hearing on the petition of the relator and the answer or return of J. W. Williams, the respondent to the petition, and the court having heard the evidence adduced by the respondent, J. W. Williams, whereupon the relator, by Herman & Kleber, his attorneys herein, moved the court for judgment against the relator ·[respondent] for the delivery and surrender to relator of the three children mentioned in the petition and pleadings herein, and after hearing Ellsworth & Fleming, attorneys for respondent, in opposition to said motion, and the court being fully advised in the premises,

It is now here ordered and adjudged, that said motion be denied. It is further ordered and adjudged that application be made forthwith by said Williams or the Northwestern Home Finding Society, under the laws of the state of Washington (Laws of 1899, p. 9), respecting the disposition of said children.

"It is further ordered that pending said application and hearing thereon, the children mentioned in the petition shall remain where they now are, and that final disposi-

tion of their care and custody be made in such application now here ordered to be made."

It will be seen, by this judgment, that the court refused to grant the prayer of the petitioner and left the children in custody of the persons selected by the appellant to care for them. The appellant cannot complain of this part of the order and he is not aggrieved thereby. That portion of the order which directs the appellant to make application to the court for the custody of the children under the act relative to the protection and custody of orphan children, approved February 14, 1899, is merely advisory, and is not an appealable order.

For these reasons we think this appeal should be dismissed, and it is so ordered.

DUNBAR, C. J., and FULLERTON and REAVIS, JJ., concur.